IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA HUMPHRIES                                                                    PLAINTIFF

v.                              Case No. 4:06-cv-606-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                                   DEFENDANT

# ORDER

As promised, the Court has revisited the contours of Dr. Sharp's proposed testimony in light of Plaintiff's post-trial brief, the District's arguments on point, and the governing law. Here are the Court's rulings.

First, Dr. Sharp may mention *Hazelwood* and explain that his research takes into account the governing law about standard deviations. He must not, however, give the jury a lecture on the law. That is the Court's job.

Second, as previously ruled, Dr. Sharp's reports will not be admitted into evidence. Charts showing his various statistical studies are admissible.

Third, as to each of his admissible statistical studies, Dr. Sharp may testify: (1) about alleged over-representation of black elementary school principals; (2) that there is a near-zero probability that these results occurred

by chance; and (3) that the data supports the conclusion that the District made race-based hiring decisions.

Fourth, the Court is reluctant to allow Dr. Sharp to testify that the District's affirmative action policies are driving the numbers. The jury is probably capable of making that connection without his expert opinion; and this is very close to the ultimate issue. *Robertson v. Norton Company*, 148 F.3d 905, 908 (8th Cir. 1998). Moreover, what is his expertise on causation? The Court will hear limited argument on Monday morning on this narrow issue, and then rule.

Fifth, the Court now sees what Plaintiff has been saying for some time about the relevance of some of Dr. Sharp's statistical studies on the validity issue. His studies involving the percentage of black certified personnel in the prior year go to validity, not discrimination in the particular hiring decisions. Therefore the jury will not hear this testimony or see these charts; the Court will receive all this evidence on validity outside the jury's presence. This decision is in keeping with the Court's earlier ruling that the record on validity remains open, while limiting the statistical evidence before the jury to comparisons relevant to the District's decisions about Dr. Humphries.

Sixth, Dr. Sharp may criticize Metzger's statistical analysis.

Seventh, Dr. Sharp may not testify that the District discriminated on the basis of race — this ultimate issue depends on more than the statistics; the jury is capable of resolving this issue without expert testimony; and the jury should do so based on all the evidence. *The Rottlund Company, Inc. v. Pinnacle Corporation*, 452 F.3d 726, 732 (8th Cir. 2006).

To the extent not authorized by this order, or left open, the Court sustains the District's previous challenges to Dr. Sharp's testimony.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>24 November 2010</u>