IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONNA HUMPHRIES                                                                     PLAINTIFF

v.                          Case No. 4:06-cv-606-DPM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                                    DEFENDANT

JUDGMENT

The parties tried the validity of the District's affirmative action policies to the bench from 25 August 2010 until 26 August 2010. With the record remaining open on validity, the parties tried the discrimination and contract claims to a twelve-person jury from 29 November 2010 until 3 December 2010. After deliberations, the jury found that race through the District's affirmative action policies was a motivating factor in the District's decision to not promote Dr. Humphries. The jury also found, however, that the District would have made the same decision regardless of Dr. Humphries's race. On breach of contract, the jury awarded Dr. Humphries $63,244.00. The verdict, the jury's answers to seven interrogatories, is attached and incorporated.

Before her 2008 appeal, Dr. Humphries abandoned her age discrimination claims. *Document No. 98, at 1; Document No. 117, at 2 n.1.* She also abandoned her Title VII claims after remand and before trial. *Document No. 185; Document No. 187, at 1.* These voluntary dismissals left the § 1981/§ 1983 race claims, the duplicative claims under the Arkansas Civil Rights Act, and the breach-of-contract claims for trial.

For the reasons explained in the Court's post-trial order, *Document No. 228*, the Court enters judgment on the jury's verdict for the District and against Dr. Humphries on her § 1981/§ 1983 Equal Protection claims and her duplicative claims under the Arkansas Civil Rights Act. Notwithstanding the verdict, the Court enters judgment for the District and against Dr. Humphries on her breach-of-contract claims. The Court dismisses Dr. Humphries's third Amended and Supplemented Complaint, *Document No. 178-2*, with prejudice.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 May 2011

# INTERROGATORY NO. 1

**Instructions:** If you answer this Interrogatory "Yes," then you must skip to Interrogatory No. 3. If you answer "No," then you must continue to Interrogatory No. 2.

**Interrogatory No. 1:** Has Dr. Humphries proved that her race was a motivating factor — through the District's affirmative action policies — in the District's decision to not promote her?

__X__ Yes  ____ No

(Mark an "X" in the appropriate space)

*FILED*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT ARKANSAS*
*DEC 0 3 2010*
*JAMES W. McCORMACK, CLERK*
*By: _____ DEP CLERK*

# INTERROGATORY NO. 2

**Instructions:** If you answer this Interrogatory "Yes," then you must continue to Interrogatory No. 3. If you answer "No," then you must skip to Interrogatory No. 6.

**Interrogatory No. 2:** Has Dr. Humphries proved that her race was a motivating factor — apart from the District's affirmative action policies — in the District's decision to not promote her?

\_\_\_\_ Yes     \_\_\_\_ No

(Mark an "X" in the appropriate space)

# INTERROGATORY NO. 3

**Instructions:** If you answer this Interrogatory "Yes," then you must skip to Interrogatory No. 6. If you answer this Interrogatory "No" and you answered Interrogatory No. 1 "Yes," then you must continue to Interrogatory No. 4. If you answer this Interrogatory "No" and you answered Interrogatory No. 2 "Yes," then you must skip to Interrogatory No. 5.

**Interrogatory No. 3:** Has the District proved that it would have decided not to promote Dr. Humphries regardless of her race?

__X__ Yes  ____ No

(Mark an "X" in the appropriate space)

# INTERROGATORY NO. 4

**Instructions:** After you answer this Interrogatory, skip to Interrogatory No. 6.

**Interrogatory No. 4:** State the amount of Dr. Humphries's damages (as that term is defined in Instructions Nos. 14 & 15) for the District's decision to not promote her between 2003 and 2007.

    Wages and Fringe Benefits:    $_____

    Mental anguish, inconvenience,

    and other nonmonetary loss:    $_____

# INTERROGATORY NO. 5

**Instructions:** After you answer this Interrogatory, continue to Interrogatory No. 6.

**Interrogatory No. 5:** State the amount of Dr. Humphries's actual damages as that term is defined in Instruction Nos. 14 & 15 for the District's decision to not promote Humphries between 2004 and 2007.

    Wages and Fringe Benefits:    $_____

    Mental anguish, inconvenience,

    and other nonmonetary loss:    $_____

# INTERROGATORY NO. 6

**Instructions:** If you answer this Interrogatory "Yes," then continue to Interrogatory No. 7. If you answer "No", then you must skip to the end of this form and have your foreperson sign and date it because you have finished your deliberations.

**Interrogatory No. 6:** Has Dr. Humphries proved that the District breached its contract with her?

__X__ Yes      ____ No

(Mark an "X" in the appropriate space)

# INTERROGATORY NO. 7

**Interrogatory No. 7:** State the amount of damages (as that term is defined in Instruction No. 24) that Dr. Humphries sustained from the District's breach of the parties' contract: $ ~~37,500 PLUS COURT COSTS AND ATTORNEY FEES~~

Sign and date this form because your deliberations have ended.

*AMENDED TO $63,244*

*Gene Dudley*
*Cynthia L. [signature]*

Date: *3 DEC 2010* _____*Gene Dudley*_____
                                              Foreperson

Court's Final Interrogatories            7            4:06-cv-606 *Humphries v. P.C.S.S.D*